E-FILED
Tuesday, 12 May, 2015  03:50:48 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# PEORIA DIVISION

| | |
|---|---|
| **REGINALD C. TAYLOR SR.,**  )  )  **Plaintiff,**  )  )  v.  )  )  **CITY OF PEORIA POLICE DEPARTMENT et al.,**  )  )  )  **Defendants.**  ) | Case No. 15-1148 |

## ORDER

Now before the Court is Reginald Taylor's ("Plaintiff" or "Taylor") Motion for Attorney Representation (ECF No. 6). For the reasons stated herein, Plaintiff's Motion for Attorney Representation (ECF No. 6) is DENIED.

In its discretion, a district court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e). However, "parties to civil litigation have no right to counsel." *Thornhill v. Cox*, 113 Fed. Appx. 179, 181 (7th Cir. 2004). When faced with a request to appoint counsel, this Court must determine: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (citing *Farmer v. Haas*, 990 F.2d 319, 321-22 (7th Cir. 1993)).

Plaintiff is currently incarcerated in the Peoria County Jail and on April 21, 2015, via Text Only Order the Court determined Plaintiff is indigent. (ECF No. 7 at 1). Additionally, while Plaintiff's Motion for Attorney Representation does not include any documents that show

Plaintiff has sought representation in this matter, the Motion does state Plaintiff has sought representation from three attorneys who said they could not represent him because they do not file suits against the Peoria County Police Department. (ECF No. 6 at 1). As such, Plaintiff has met the first prong of the test articulated by the Seventh Circuit because he made a reasonable attempt to obtain counsel.

Nevertheless, Plaintiff has failed to meet the second prong of the Seventh Circuit's analysis because there is nothing now before this Court that indicates Plaintiff is incapable of adequately presenting his case. Plaintiff possesses personal knowledge of the facts underlying his claim and does not allege any physical or mental disability which might preclude him from adequately investigating and presenting these facts which give rise to the Complaint. Furthermore, Plaintiff's claim does not appear so complex or intricate that a trained attorney is necessary. Therefore, because the legal issues are not unduly complex and there is an abundance of accessible case law, Plaintiff fails to meet the second prong.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Attorney Representation (ECF No. 6) is DENIED.

Entered this 12th day of May, 2015.

/s/ Michael M. Mihm\_
Michael M. Mihm
United States District Judge