E-FILED
Friday, 17 July, 2015 01:46:48 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| REGINALD C. TAYLOR, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 15-1148 |
| | ) |
| CITY OF PEORIA POLICE DEPARTMENT, LOGAN M. GRAYSON, JACOB A. BRADFORD, and JERRY MITCHELL, | ) ) ) ) |
| | ) |
| Defendants. | ) |

## ORDER

Now before the Court is the City of Peoria, Logan M. Grayson, Jacob A. Bradford, and Jerry Mitchell's ("Defendants") Motion to Dismiss (ECF No. 11) and Reginald Taylor's ("Plaintiff" or "Taylor") Motion to Reconsider (ECF No. 14). For the reasons stated herein, Defendants' Motion to Dismiss (ECF No. 11) is GRANTED IN PART and DENIED IN PART and Taylor's Motion to Reconsider (ECF No. 14) is DENIED. Plaintiff's Federal claims requesting injunctive and declaratory relief are DISMISSED WITHOUT PREJUDICE and Plaintiff's Federal claim for excessive force is STAYED pending the resolution of his State criminal proceeding. The Parties are DIRECTED to provide a status report every 90 days with an update of the State criminal proceeding.

## JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 as the claims asserted in the Complaint present federal questions under the Civil Rights Act of

1

1871 as amended 42 U.S.C. § 1983 and the Fourth Amendment of the United States Constitution.

## BACKGROUND AND PROCEDURAL HISTORY

On April 9, 2015, Taylor filed a Complaint pursuant to 42 U.S.C. § 1983, against the Defendants alleging he was unlawfully seized and arrested on December 2, 2014, while he was visiting a friend at the Lexington Hills Apartment Complex in Peoria, Illinois. (ECF No. 1 at 5). Taylor alleges the arresting officers, Defendants Grayson and Bradford, did not have a warrant for his arrest, nor did they believe he had committed, was committing, or was about to commit a crime. *Id*. Taylor alleges at the time of the seizure and arrest he was not the suspect of any crime. *Id.* Taylor alleges that during the arrest, Defendant Grayson kicked and hit him in his back and face, and as a result he sustained contusions and a concussion. *Id.* at 5.

Taylor also alleges racial remarks were used during his seizure and arrest. *Id.* As such, Taylor seeks monetary compensation, dismissal of his current charges, and a written apology from Defendants Grayson and Bradford. *Id.* at 7-8. As of a result of his arrest on December 2, 2014, a Grand Jury charged Taylor with three criminal counts: (1) Class X Felony for armed violence in violation of 720 ILCS 5/33A-2(a); (2) Class 3 Felony for unlawful possession of a weapon in violation of 720 ILCS 5/24-1.1(a); and (3) Class 4 Felony for unlawful possession with intent to deliver cannabis by a felon in violation of 720 ILCS 550/5(c). (ECF No. 12-2).

On April 29, 2015, Taylor filed a Motion for Attorney Representation (ECF No. 6) in this matter. On May 12, 2015, this Court entered an Order denying Taylor's Motion. (ECF No. 9). The Court stated the legal issues presented in Taylor's Complaint

are not unduly complex, Taylor possesses personal knowledge of the facts underlying his claim, Taylor does not allege any physical or mental disability, and there is nothing in the record to indicate Taylor is incapable of adequately representing himself in this case. *Id.*

On May 13, 2015, the Defendants filed a Motion to Dismiss (ECF No. 11), which is currently before the Court. On May 20, 2015, Taylor filed a Motion to Reconsider his Motion for Attorney Representation (ECF No. 14), that is also currently before the Court. On May 26, 2015, Taylor filed a Response to the Defendants' Motion to Dismiss (ECF No. 15), and on June 1, 2015, the Defendants filed a Response to Taylor's Motion to Reconsider (ECF No. 16).

**STANDARD OF REVIEW**

Dismissal under Federal Rule of Civil Procedure 12(b)(6) is proper if a complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). To survive a motion to dismiss, a complaint must contain sufficient factual matter, which when accepted as true, states a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2009)). A plaintiff's claim must "give enough details about the subject matter of the case to present a story that holds together" to be plausible. *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). A court must draw all inferences in favor of the non-moving party. *Bontkowski v. First Nat'l Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993).

Statements in the complaint must be sufficient to provide the defendant with "fair notice" of the claim and its basis. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012). This means that (1) "the complaint must describe the claim in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests'" and (2) its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a "speculative level." *EEOC v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007).

When evaluating a motion to dismiss, the Court must accept as true all factual allegations in the complaint. *Ashcroft*, 556 U.S. at 678. However, the Court need not accept as true the complaint's legal conclusions; "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atlantic Corp.*, 550 U.S. at 555). Conclusory allegations are "not entitled to be assumed true." *Ashcroft*, 556 U.S. at 678. (citing *Bell Atlantic Corp.*, 550 U.S. at 554-55).

In reviewing complaints filed by *pro se* litigants, the Court should hold the pleadings "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). But, *pro se* litigants must still comply with the Federal Rules of Civil Procedure. *Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006).

## DISCUSSION

### A. Defendants' Motion to Dismiss

The *Younger* abstention doctrine requires federal courts to abstain from taking jurisdiction over federal constitutional claims that seek to interfere with or interrupt ongoing state proceedings that are: (1) judicial in nature, (2) implicate important state

interests, and (3) offer an adequate opportunity for review of constitutional claims, (4) so long as no extraordinary circumstances exist which would make abstention inappropriate. *SKS & Associates, Inc. v. Dart*, 619 F.3d 674, 677 (7th Cir. 2010); *Green v. Benden*, 281 F.3d 661, 666 (7th Cir. 2002).

Defendants argue this Court should dismiss Taylor's Complaint based on the *Younger* abstention doctrine. (ECF No. 12 at 6). Defendants argue Taylor is seeking dismissal of the "current charges" against him stemming from his arrest and charges in the State criminal case. *Id.* Defendants argue the State criminal proceeding of *People v. Taylor*, 14-CF-00918 is a judicial proceeding in which the State of Illinois has an important state interest to prosecute Taylor for all three felony charges. *Id.* Defendants argue the criminal procedures also afford an adequate opportunity for review of Taylor's constitutional claims. *Id.* In addition, Defendants argue nothing in Taylor's Complaint shows or even implies that any extraordinary circumstances exist that would make abstention by this Court inappropriate. *Id.*

Conversely, Taylor argues the *Younger* abstention should not apply in this case because he is asserting claims directly under the Fourth Amendment, and this Court has jurisdiction and a duty to protect this right under the United States Constitution. (ECF No. 15 at 2). Taylor argues his claims of excessive force, racially charged language, and beating of his person are separate and colorable claims of a civil nature that entitle him to relief and cannot be adequately addressed or remedied by the state court proceedings. *Id.* Taylor also argues the state judicial proceedings will be completed long before a trial is commenced in this federal civil matter. *Id.*

5

After review of the record, it is apparent *Younger* favors abstention. Specifically, Taylor's state criminal case arose from the same encounter that Taylor complains of here, and is a judicial proceeding in which the State of Illinois has an important interest to prosecute Taylor for the state criminal charges. Moreover, even though Taylor's Complaint in this matter alleges federal claims, the state court is more than competent to handle such issues. In fact, the Seventh Circuit has held, "[t]here is no general right to have federal-law defenses to state-law claims resolved by federal courts . . . . If the state's tribunal is competent to resolve the federal defense, then the litigation must continue in that forum." *Vill. of Bolingbrook v. Citizens Utilities Co. of Illinois*, 864 F.2d 481, 485 (7th Cir. 1988). Taylor does not claim any extraordinary circumstances exist that make abstention inappropriate.

Furthermore, Taylor's claims of damages resulting from the seizure and arrest are federal constitutional claims that may interfere with the ongoing state proceeding and involve constitutional issues that may be litigated during the course of his criminal case. *See Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013). "Deciding those issues [in this Court] could undermine the state court proceeding." *Id.* Since monetary relief is not available to Taylor in defense of his criminal charges because his claims may become time-barred by the time the state prosecution has concluded, this Court stays, rather than dismisses under the *Younger* abstention doctrine, Taylor's monetary damages claim. *Id.* Additionally, the Court dismisses Taylor's injunctive and declaratory relief claims without prejudice, and abstains from exercising jurisdiction on those claims under *Younger* and its progeny. *Discovery House, Inc. v. Consol. City of Indianapolis*, 970 F. Supp. 655, 660 (S.D. Ind. 1997).

### B. Taylor's Motion to Reconsider

For purposes of clarity, the Court will now comment on Taylor's Motion to Reconsider (ECF No. 14). In regards to that Motion, the Court stands by its prior ruling in that Taylor does not suffer from any physical or mental disability, and there is nothing in the record to indicate Taylor is incapable of adequately representing himself in this case. As such, Taylor's Motion to Reconsider is denied.

### CONCLUSION

For the reasons stated herein, Defendants' Motion to Dismiss (ECF No. 11) is GRANTED IN PART and DENIED IN PART and Taylor's Motion to Reconsider (ECF No. 14) is DENIED. Plaintiff's Federal claims requesting injunctive and declaratory relief are DISMISSED WITHOUT PREJUDICE and Plaintiff's Federal claim for excessive force is STAYED pending the resolution of his State criminal proceeding. The Parties are DIRECTED to provide a status report every 90 days with an update of the State criminal proceeding.

ENTERED this 17th day of July, 2015

                                                       /s/ Micahel M. Mihm  
                                                             Michael M. Mihm  
                                                      United States District Judge